# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JANE DOE<br><br>Plaintiff,<br><br>v.<br><br>UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS, ET AL.,<br><br>Defendants. | Case No. 26-2702-EFM-ADM |

## MEMORANDUM AND ORDER

This matter comes before the court on adult plaintiff Jane Doe's ("Plaintiff") motion asking the court to allow her to proceed in this case under a pseudonym in her lawsuit against the Unified Government of Wyandotte County/Kansas City, Kansas ("KCK") and Karl Oakman. (ECF 3.) Plaintiff, a female KCK police officer, alleges that she is the victim of a sexual battery by a fellow police officer in a mixed-sex locker room at the West Patrol, which she reported to her direct supervisors, who then notified the Bureau of Operations and Internal Affairs. (ECF 1.) The day after plaintiff gave a recorded statement to Internal Affairs, KCKPD barred officers from changing in the mixed-sex locker rooms and began building a separate Women's area at West Patrol, which it finished within days. (ECF 3, at 3.) The Wyandotte County District Attorney's Office charged the perpetrator with a class A person misdemeanor of sexual battery for touching plaintiff without her consent, to which he entered a no-contest plea to an amended criminal charge of battery. (*Id.*) Plaintiff remains a KCKPD officer. However, she alleges that KCKPD is discriminating and retaliating against her for reporting the sexual assault by "open[ing] an Internal Affairs

investigation into an arrest that Plaintiff had made over one year prior" and then imposing an unpaid suspension and permanent disciplinary points, departing from its own standard procedures." (ECF 3, at 6.) Plaintiff contends that publicly naming her would expose her to further retaliation and compound her injury. (*Id.* at 6-7.)

As a general rule, plaintiffs proceeding in federal court are required to do so under their "real names." *Luo v. Wang*, 71 F.4th 1289, 1296 (10th Cir. 2023). "Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'" *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). And allowing an *adult* party to proceed under a pseudonym in federal court is a very unusual procedure. *S.E.S. v. Galena Unified Sch. Dist. No.* 499, No. 18-2042-DDC, 2018 WL 3389878, at *1 (D. Kan. July 12, 2018). Indeed, courts facing similar actions for sexual assaults or harassment by employers "have generally required adult plaintiffs to proceed in their own name." *Doe v. Haskell Indian Nations Univ.*, 266 F. Supp. 3d 1277, 1289 (D. Kan. 2017) (listing cases requiring plaintiffs to proceed in own name and directing plaintiff to do the same).

Here, Plaintiff asserts that "she reasonably fears retaliation based on her filing this suit, and she seeks to preserve her privacy in a sensitive and highly personal matter." (ECF 3, at 2.) Plaintiff, however, has not demonstrated that this is an exceptional case in which her need for anonymity outweighs the public interest in having access to her identity, nor has she shown that she is in real danger of physical harm, or that her injury would be compounded as a result of the disclosure of her identity. *See Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005) (affirming district court order denying motion to proceed under a pseudonym because "plaintiff has not demonstrated that this is a sufficiently 'exceptional' case or that the need for anonymity in this case and at this stage of the proceedings outweighs the public's interest in

knowing his identity”); *H.A. v. Blue Valley Unified School Dist. 229*, No. 20-2559, 2020 WL 6559425, at *3 (D. Kan. 2020) (denying motion to proceed under a pseudonym because “cases involving the alleged sexual assault of adults generally are not deemed to meet the ‘exceptional circumstances’ standard for anonymity”); *C.S. v. EmberHope, Inc.*, No. 19-2612, 2019 WL 6727102, at *2 (D. Kan. Dec. 11, 2019) (denying motion to proceed under a pseudonym because “plaintiff has not met her burden of showing that this is such an exceptional case that her need for anonymity outweighs the public’s interest in open court proceedings”). For the same reasons, the court finds that Plaintiff has not demonstrated that this case is a sufficiently “exceptional” case or that the need for anonymity in this case and at this stage of the proceedings outweighs the public’s interest in knowing her identity. The court therefore denies Plaintiff’s motion to proceed in this case anonymously.

**IT IS THEREFORE ORDERED** that Plaintiff’s Motion for Leave to Proceed Under Pseudonym (ECF 3) is denied.

Dated November 13, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge